IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **GREGORY DON MORRIS** § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | |
| § | | |
| **KANSAS CITY RAILWAY** § | No. 2:24-CV-18 | |
| **COMPANY** § | | |
|     Defendants. § | | |

# COMPLAINT

    COMES NOW, **GREGORY DON MORRIS**, hereinafter called Plaintiff, complaining of Defendant, the **KANSAS CITY SOUTHERN RAILWAY COMPANY**, "KCSR" and for cause of action would respectfully show the Court the following in support thereof:

## PARTIES AND SERVICE

    1. Plaintiff, GREGORY DON MORRIS, is an Individual residing in Pittsburg, Camp County, Texas.

    2. Defendant The Kansas City Southern Railway Company (hereinafter "KCSR") is a corporation duly organized and existing under the laws of the State of Missouri, authorized to and doing business in the State of Texas. KCSR resides in and is subject to personal jurisdiction in the Eastern District of Texas because it has regular and systematic contact with this District and is essentially at home in this District. Service of process may be had upon KCSR by serving KCSR's registered agent: C.T. Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

3. This cause of action grows out of an incident that occurred on or about August 28, 2023. At all times material to this Complaint, Plaintiff was employed by Defendant KCSR, and at all times material to this Complaint, Plaintiff was acting within the course and scope of his employment. Defendant KCSR was a common carrier engaged in interstate commerce. Plaintiff's duties in whole or in part affected interstate commerce. By reason of the foregoing, Plaintiff's claims in whole or in part affected interstate commerce and as such are governed by the terms and provisions of the *Federal Employers' Liability Act, 45 U.S.C. §51, et seq*.

4. The court has jurisdiction over Defendant Kansas City Southern Railway Company and the claims under the *Federal Employers' Liability Act, 45 U.S.C. §51, et seq*.

5. Venue is proper in this matter pursuant to the terms of Title 28 U.S.C. §1391(b)(1-2) in that KCSR resides in the Eastern District of Texas and has regular and systematic contacts with this District and Division. Venue is also proper under 45 U.S.C. §56 because Defendant KCSR was doing business in this district at the time of commencing this action.

## STATEMENT OF FACTS

6. This injury occurred on Monday, August 28, 2023, about 8:30 a.m., at bridge 462.6 on the KCS main track near Wilton, Arkansas. Mr. Morris was working as a Bridge Mechanic/Welder on B&B Gang 680, a mobile gang that works primarily in Louisiana, Arkansas, and Oklahoma.

On the date of the injury, Gang 680 had been instructed to assist Gang 683 in making repairs to the existing wooden bridge. The repairs were needed to make the bridge safe for the period of time it would take to build the new bridge. Those repairs included replacing 2 shims. The shims needed to be replaced near the south end of the bridge. Gang 683 was a B&B gang that worked primarily on wooden bridges.

At the time of the injury, Mr. Morris and a coworker were standing on longitudinal cross braces that ran between 2 bents. The braces were elevated about 7' above ground. Mr. Morris was standing on the brace at the west side of the bent and his coworker was standing on the brace at the east side of the bent. The stringers had been jacked up off of the shim with hydraulic jacks

that were powered by Gang 683's boom truck. Mr. Morris and his coworker were working to shove the shim off of the cap toward the south. They had shoved it partially out to the south when it became wedged and would not move any further. The boom on Gang 683's truck was not working, and the truck was just being used to power the hydraulic jacks. A nearby large track hoe equipped with a bucket was moved into position at the north side of the boom truck. A pair of tie tongs was attached to the bucket of the track hoe with a cable. Mr. Morris and his coworker were attempting to remove the shim with the use of the trackhoe. Mr. Morris was standing on the longitudinal brace facing the bent. He was holding on with his left hand and was trying to attach the tongs to the shim with his right hand. Suddenly and without warning, the shim came sliding off of the cap striking him forcefully in his chest and knocking him off of the brace about 8' to the west.

Mr. Morris landed on his back onto a pile of snake infested rip-rap and weeds. He was examined and treated in the ambulance at the bridge before being transported to Christus St. Michael Medical hospital in Texarkana, Texas.

Pursuant to FELA, 45 U.S.C. § 51, a railroad such as KCSR has a non-delegable duty to provide its employees with a reasonably safe working environment.

## LIABILITY OF DEFENDANT KANSAS CITY RAILWAY COMPANY FOR NEGLIGENCE

7. Defendant owed GREGORY DON MORRIS and others similarly situated the duty of ordinary care and Defendant violated that duty by The Defendant. Acting by or through its officers, agents, servants, borrowed servants, and employees Defendant was negligent in causing the Plaintiff's injury, in whole or in part, in the following particulars:

(a) Defendant failed to provide Plaintiff with a reasonably safe place to work;

(b) Defendant failed to provide Plaintiff with reasonably safe tools and equipment, namely, equipment designed for and safe to use to remove bridge shims;

(c) Defendant required Plaintiff to complete tasks without an adequate and proper job briefing, training, and information;

  (d)  Defendant assigned Plaintiff to work in a situation or condition which it knew was likely to cause Plaintiff's injury;

  (e)  Defendant allowed unsafe practices to become the standard practice, namely, removing shims by using a trackhoe;, and by failing to follow recommended practices that are the custom and practice of the industry and by failing to comply with its internal standards of care;

  (e)  All other acts and omissions by the Defendant which may be brought out at trial.

## CAUSATION

8. As a legal result of the negligence of Defendant, Plaintiff Morris sustained serious and career ending injuries. Among the injuries that Morris is aware of are subdural hematoma, comminuted nondisplaced fracture of the first coccygeal segment, nondisplaced distal diaphyseal left fibular fracture with cortical evulsion along the medial malleolus. Surgery was performed on September 6, 2023, consisting of open reduction and internal fixation (using internal plate and screws) of the fibula and a syndesmosis repair.

Morris also suffers from a closed head injury, traumatic brain injury, and post concussive syndrome.

Morris would show that he was an able-bodied employee prior to the incident made the basis of this suit and that the injuries described above have caused Plaintiff to suffer significant damages.

## DAMAGES

9. At the time of the injury alleged herein, Plaintiff was a strong and able-bodied 48 year old man who fully performed his assignments as required by Defendant, KCSR. Plaintiff is unaware of any weaknesses or infirmities that were present before his injuries, but if any were present, Defendant's negligence caused them to be activated by the trauma to Plaintiff's body. Because of Defendant's negligence, Plaintiff has suffered and will continue to suffer damages in the following particulars:

    (a)    Plaintiff has undergone medical treatment in the past, including left fibula surgery with internal fixation devices;

    (b)    Plaintiff must undergo medical treatment in the future, including therapy, work hardening and prescription medications;

    (c)    Plaintiff has sustained physical pain and suffering in the past;

    (d)    Plaintiff will continue to experience physical pain and suffering for an indefinite time into the future;

    (e)    Plaintiff has sustained mental and emotional pain and suffering in the past;

    (f)    Plaintiff will continue to suffer mental and emotional pain and suffering for an indefinite time in the future;

    (g)    Plaintiff has incurred medical bills in the past for treatment of his injuries;

    (h)    Plaintiff will continue to incur medical bills for an indefinite time into the future;

    (i)    Plaintiff has lost benefits and wages in the past in the amount of which will be calculated and presented at trial;

    (j)    Plaintiff will continue to suffer lost benefits and loss of wage-earning capacity into the future, the amount of which will be calculated and presented at trial;

    (k)    Plaintiff has sustained a permanent decrease in his ability to earn wages, the amount of which will be calculated and presented at trial;

All of the losses described above by Plaintiff were legally caused by the negligence of Defendant.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff GREGORY DON MORRIS, respectfully prays that the Defendant be cited to appear and answer herein, and that Kansas City

Southern Railway Company on a final hearing of the cause, judgment be entered for Plaintiff against Defendant for his damages; post-judgment interest at the legal rate, costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

/s/ Marc A. Zito
**Marc A. Zito**
JONESGRANGER
Federal Bar Number 2070
Texas Bar Number 22279400
P.O. Box 4340
Houston, Texas 77210
(713) 668-0230
(713) 956-7139 Fax
mzit@jonesgranger.com

**Randell C. Roberts**
Roberts & Roberts
randy@robertslawfirm.com
118 W. Fourth Street
Tyler, Texas 75701-4000
(903) 597-6655
(903) 597-1600 Fax

**ATTORNEYS FOR PLAINTIFF**